## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMY KIEFFER          :
138 North Bellevue Avenue     :
Langhorne, PA 19047       :   **CIVIL ACTION**
              :
      Plaintiff,      :   **No.:**
   v.           :
              :
KATRINA JACKSON, V.M.D.    :   **JURY TRIAL DEMANDED**
978 Easton Road        :
Warrington, PA 18976      :
    and         :
BUCKS COUNTY VETS, INC., d/b/a  :
BUCKS COUNTY VETS
978 Easton Road        :
Warrington, PA 18976      :
    and         :
BUCKS COUNTY ANIMAL
REHABILITATION CENTER, LLC, d/b/a :
BARC           :
978 Easton Road        :
Warrington, PA 18976      :
              :
     Defendants.     :
              :

## CIVIL ACTION COMPLAINT

Plaintiff, Amy Kieffer (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.   Introduction

1.  Plaintiff has initiated this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq*.) and applicable state law(s). Specifically, Plaintiff asserts herein she was unlawfully denied overtime compensation and retaliatorily terminated. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.   Jurisdiction and Venue

2.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.     This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.   Parties

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult individual with an address as set forth above.

7.     Defendant Bucks County Vets, Inc. (*hereinafter* "Defendant BCV") is a private company, incorporated in the Commonwealth of Pennsylvania and it provides regional veterinary care and emergency-pet medical treatment(s).

8.     Defendant Bucks County Animal Rehabilitation Center, LLC (*hereinafter* "Defendant BARC") is a separately filed and registered business than Defendant BCV (from a

state-records standpoint). Defendant BARC provides pet exercise and therapeutic modality stimulation for among other reasons, post-operative return to function, weight loss, and other functional or health purposes.

9.     Defendant Katrina Jackson, V.M.D. (*hereinafter* "Defendant Jackson") is the President, owner and primary operations manager of Defendants BCV and BARC.

10.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV.    Factual Background

11.     The foregoing paragraphs are incorporated herein as if set forth in full.

12.     Defendant Jackson graduated in with a degree in Veterinary Medicine and practiced small-animal emergency medicine for nearly a decade before opening Defendant BCV in 2002 and BARC in 2006.

13.     Through the present, Defendant Jackson has operated Defendants BCV and BARC as a single enterprise and business (despite being *legally* registered as different corporations for *technical or tax* reasons).  Specifically, she operates the businesses from the same physical location, uses overlapping staff, she manages both practices, uses the same resources to operate both businesses (financial and otherwise) and intermingles assets and finances (as discussed more *infra*). For the purposes of this action, Defendants BCV and BARC are properly a single, joint or integrated employer(s) under state and federal law(s).

14.     Plaintiff was hired by and employed with Defendants for approximately 4 years until being terminated by Defendants in September of 2016.

15.    Plaintiff was employed with Defendants as a Veterinary Technician during her entire period of employment. In this capacity, Plaintiff generally assisted veterinarians in anything asked of her (including but not limited to, collecting or maintaining patient records, administering animal treatments, collecting samples, preparing animals for procedures and other related tasks).

16.    During Plaintiff's entire approximate 4-year tenure, Plaintiff was paid illegally in the following ways:

> (a) Plaintiff was not properly paid for all minutes and hours worked (as her overall hours worked were often reduced improperly and surreptitiously to avoid paying Plaintiff her fully owed wages); and
>
> (b) Defendants knowingly, intentionally, criminally[1] and willfully attempted to avoid overtime-pay obligations (including but not limited to state and federal regulations).

17.    Plaintiff was never paid overtime compensation for hours worked for Defendants; and instead, Defendant Jackson through her businesses (Defendants BCV and BARC) manipulated income and hours to intentionally avoid overtime pay obligations. And Plaintiff typically worked 41-60 hours per workweek depending upon Defendants' scheduling needs, emergencies, and requests for her to work additional hours.

18.    Even though Defendants operated the same business at the same location, Defendant Jackson systematically paid Plaintiff via one paycheck from Defendant BCV for 40 hours and put all additional hours beyond 40 into a second check from Defendant BARC, paying all hours at straight time (as opposed to a rate of time and one half).

19.    By way of example, attached hereto as "Exhibit A" is a pay stub reflecting a 2-week pay period ending March 18, 2016 wherein Plaintiff was paid for 80 hours at her straight-time hourly rate of $16.50 per hour by Defendant BCV. Attached hereto as "Exhibit B" is a pay

---

[1] *See* 29 U.S. Code § 216 (providing for civil and criminal penalties)

stub reflecting a 2-week pay period ending March 18, 2016 wherein Plaintiff was paid for 7.25 hours at her straight-time hourly rate of $16.50 per hour by Defendant BARC.

20.    In the pay period referenced in Exhibits A and B, Plaintiff was not paid approximately $60.00 in overtime pay (with the additional half time at $8.25 per hour that should have been paid for the 7.25 hours).  Plaintiff was paid in the same unlawful manner during her entire period of employment (as these exhibits were merely intended to be a single example).

21.    Defendants fraudulently paid employees including Plaintiff in the foregoing manner solely to avoid overtime regulations, and Plaintiff was never paid time and one half for hours worked beyond 40 because in addition to having her overall time reduced in various paychecks, she also had all overtime hours paid under a different corporate name by Defendants.

22.    As a result of Defendants' clear and unabated overtime violations, Plaintiff is seeking all overtime owed to her during a 3-year look-back period from the date this lawsuit was filed.[2]

23.    In Plaintiff's approximate 4 years of employment, she tolerated outbursts by Defendant Jackson towards numerous people, utter business chaos and disorganization, and continual concerns of shorted pay because she needed an income and had a very young child needing stability and a set work schedule.

24.    However, towards the end of Plaintiff's employment, Plaintiff had heard rumors that other employees were investigating unpaid overtime legal rights. Plaintiff also did some of her own research and discussed the issue with her husband.  As a result, Plaintiff raised concerns with Defendant Jackson about her being entitled to "overtime" pay.

---

[2] While the FLSA requires willfulness to be established for a 3-year look back (easily established in this case), the Pennsylvania Minimum Wage Act (PMWA) mandates a 3-year look back without any such requirement. *See Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920 (W.D. Pa. 2011)(the look-back period is a full 3 years under state law automatically without any demonstration of willfulness providing greater protection than the FLSA).

25.     Plaintiff in fact raised "overtime" concerns and questions as recently as within the month prior to her termination. Defendant Jackson was treating Plaintiff with significant animosity as a result of Plaintiff's compensation concerns.

26.     In mid-September 2016, Plaintiff was approached by Defendant Jackson and told despite that she had a set day schedule for nearly 4 years she was promptly being switched to an overnight shift (as the businesses was 24/7). Plaintiff expressed concerns during this conversation about her ability to work an overnight shift while being 7 months pregnant and having a very young child to care for at home.

27.     Defendants' mandatory transition of Plaintiff to an overnight shift was clearly retaliatory and an effort to get rid of Plaintiff, as Defendants knew in advance it would present a tremendous hardship to Plaintiff (who previously had a day shift for nearly 4 years).

28.     On or about September 20, 2017 (Plaintiff's last day of physical work), Plaintiff was directed to stay out of work for 2 weeks and think about whether she is willing to work the aforesaid new shift.

29.     Following September 20, 2017, Plaintiff attempted several times to express a willingness to work the later shift but was inquiring about whether she could have it slightly modified. Plaintiff however never heard back from Defendant's management based upon her e-mails, texts or calls.

30.     Instead, Plaintiff received a letter dated September 23, 2016 identifying Plaintiff was terminated effective September 20, 2016 with an enclosed check from Defendant Jackson (as Defendants had no sincere intent on keeping Plaintiff employed). *See* "Exhibit C."

31.     Plaintiff was then sent a completely contradictory letter dated October 13, 2016 by Defendant Jackson who personally informed Plaintiff she was terminated for not letting

Defendants know by September 26, 2016 that Plaintiff was interested in being "reinstated" as an employee of Defendants and by "providing a list of improvements [she] could make to ensure that a reinstatement would be beneficial to [Plaintiff] and [Defendants]." *See* "Exhibit D."

32.     The different rationales for Plaintiff's terminations memorialized in the aforesaid letters are utterly false and pretextual because, *inter alia*:

> (a) Plaintiff was given less than 1 day of notice that she had to work an overnight shift while 7 months pregnant and with family-care obligations;
>
> (b) Plaintiff was supposed to be given up to 2 weeks to consider her abilities to work a drastically different shift but was terminated immediately instead; and
>
> (c) Despite Defendants' 2nd letter contradicting its 1st termination letter, Plaintiff did in fact attempt to discuss her potential new schedule but was stonewalled and ignored (totally contrary to Defendant's correspondence serving solely to falsely memorialize a future defense).

33.     Defendant knowingly failed to pay employees such as Plaintiff overtime compensation and went to great lengths to conceal same by coordinating overtime hours being paid through an entirely separate payroll system. Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation.[3]

---

[3] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm**, single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

34.     And Plaintiff's convoluted, haphazard and objectively false actual or constructive termination from Defendants constitutes unlawful retaliation under the Fair Labor Standards Act ("FLSA").

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**- Against All Defendants -**

35.     The foregoing paragraphs are incorporated herein as if set forth in full.

36.     At all times relevant herein, Defendants, are and continue to be, an "employer" within the meaning of the FLSA.

37.     At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

38.     The FLSA requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

39.     At all times during her employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

40.     Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

41.     Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

42.     As a result of Defendants' failure to pay Plaintiff the overtime compensation due her, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

43.    Defendant Jackson is personally liable as she directly failed to properly compensate employees such as Plaintiff.[4]

## Count II
## Violations of the Fair Labor Standards Act ("FLSA")
### (Retaliation)
### - Against All Defendants -

44.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.    Plaintiff expressly complained to Defendant Jackson about non-payment of her wages and overtime pay (primarily toward the end of her tenure with Defendants).

46.    Defendants retaliated against Plaintiff by removing her from the schedule, not permitting her to continue working, refusing to reschedule Plaintiff and/or by constructively or actually terminating Plaintiff.

47.    Any retaliation against Plaintiff for exercising her statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)(it is illegal under the FLSA to retaliate against an employee for verbal or written concerns of unpaid overtime compensation). And as stated *supra*, individual managers are personally liable for participation in FLSA violations.

## Count III
## Violations of the Pa MinWage Act and the Pa Wage and Collection Law(s)
### (Failure to Pay Overtime Wages and Base Hourly Wages)
### - Against All Defendants -

48.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[4] "[A]n individual is subject to liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or adverse actions with employment).

49.    Defendant's Failure to pay actual wages or overtime wages when Plaintiff worked in excess of 40 hours per week constitutes violations of the PMWA and the PWCL.

50.    State wage and overtime laws in Pennsylvania are construed in the same manner as the FLSA with respect to individual liability, and thus Defendant Jackson's oversight, direct orchestration, and handling of payroll makes her directly and individually liable herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendants until the date of verdict;

B.    Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 19, 2017

# Exhibit A



| | | | | | | BUCKS COUNTY VETS INC |
|---|---|---|---|---|---|---|
| 0120 | | AMY C. KIEFFER | | | XXX-XX-0153 | 978 EASTON ROAD |
| 0728 | | 0100 | | | rw = $ 0| | WARRINGTON, PA 18976 |
| FEB 29,2016 | | MAR 13,2016 | MAR 18,2016 | | w = $ 0| | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | | YEAR TO DATE | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | HO-RS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| REGULAR | 80.00 | 16.5000 | 1320.00 | FICA | 81.84 | | | GROSS | 7309.51 |
| | | | | MEDFICA | 19.14 | | | FICA | 453.19 |
| | | | | WAR LST | 2.00 | | | MEDFICA | 105.99 |
| | | | | FED WTH | 143.82 | | | WAR LST | 12.00 |
| | | | | PA | 40.52 | | | FED WTH | 771.93 |
| | | | | WARRBU | 13.20 | | | STATE | 224.39 |
| | | | | PA UNEM | 0.93 | | | LOCAL | 73.10 |
| | | | | | | | | UNEMPL | 5.12 |

# Exhibit B

| Employee # | 0003 | Employee Name | AMY C. KIEFFER | | | Company Name and Address |
|---|---|---|---|---|---|---|

**B.A.R.C.**
978 EASTON ROAD
WARRINGTON, PA 18976

| | 0100 | Check Number | | Social Security Number | XXX-XX-0153 |
|---|---|---|---|---|---|

1994 · Division 0100 · Period Ending MAR 13, 2016 · Check Date MAR 18, 2016 · FW S 01 · ST S 01 · Period Start FEB 29, 2016

## EARNINGS

| Description | Hours | Rate | Amount |
|---|---|---|---|
| REGULAR | 7.25 | 16.5000 | 119.63 |

## TAXES

| Description | Amount |
|---|---|
| FICA | 7.41 |
| MEDFICA | 1.73 |
| PA | 3.67 |
| WARRBU | 1.20 |
| PA UNEM | 0.08 |

## DEDUCTIONS

| Description | Amount |
|---|---|

## YEAR TO DATE

| Description | Amount |
|---|---|
| GROSS | 173.26 |
| FICA | 10.74 |
| MEDFICA | 2.51 |
| STATE | 5.32 |
| LOCAL | 1.74 |
| UNEMPL | 0.12 |

# Exhibit C



**BUCKS COUNTY**

**V**ETERINARY
**E**MERGENCY
**T**RAUMA
**S**ERVICES

978 Easton Road
P.O. Box 784
Warrington, PA 18976

Phone: (215) 918-2200
Fax: (215) 918-2007

September 23, 2016

Ms. Amy Kieffer
138 North Bellevue Avenue
Langhorne, PA 19047

Dear Amy:

As we discussed on Tuesday, your employment with Bucks County Vets was terminated at the end of your shift on September 20, 2016.

Enclosed is a check for accrued and unused vacation (58.75 hours) as well as pay earned through September 20th (43.5 hours).

I wish you all the best in your future endeavors.

Sincerely,

Katrina S. Jackson, V.M.D.
President

# Exhibit D



**BUCKS COUNTY**

**V**ETERINARY
**E**MERGENCY
**T**RAUMA
**S**ERVICES

978 Easton Road
P.O. Box 784
Warrington, PA 18976

Phone: (215) 918-2200
Fax: (215) 918-2007

October 13, 2016

Ms. Amy Kieffer
138 North Bellevue Avenue
Langhorne, PA 19047

Dear Amy:

I have been made aware that you sent a text to Russ inquiring about the reason I did not get back to you about your employment status. First, it seems that contacting me directly would be more efficient in obtaining that answer. As of our last conversation on Tuesday, September 20th, I left you with the task of contacting me on September 26th, the Monday following our talk, if you were interested in being reinstated as an employee of Bucks County VETS, and you were also tasked with providing a list of improvements you could make to ensure that a reinstatement would be beneficial to yourself and Bucks County VETS if we were to move forward in that direction.

Since I did not hear directly from you since our last conversation, I have been under the assumption that you did not want to be considered for reinstatement. At this time, I no longer have interest in considering that option. I wish you good luck in your future employment endeavors.

Sincerely,

Katrina S. Jackson, V.M.D.
President

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Amy Kieffer | : | CIVIL ACTION |
| v. | : | |
| Katrina Jackson, V.M.D., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 10/20/17 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 138 North Bellevue Avenue, Langhorne, PA 19047

Address of Defendant: 978 Easton Road, Warrington, PA 18976

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐ No☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐ No☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐ No☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/20/17   _____   ARK2484
                 Attorney-at-Law   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/20/17   _____   ARK2484
                 Attorney-at-Law   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KIEFFER, AMY | KATRINA JACKSON, V.M.D, ET AL . |

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act "FLSA" 29USAC201
Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 10/20/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

| Print | Save As... | Reset |